UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 04-14-DLB

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

V.     **MAGISTRATE JUDGE'S**
       **REPORT & RECOMMENDATION**

JOHN H. ESTEP,                                                                         DEFENDANT.

*** *** *** ***

This matter is before the undersigned on Defendant John H. Estep's Motion to Vacate, Set Aside, or Correct his Sentence [R. 70]. The United States has filed a response [R. 72]. Consistent with local practice, the motion was referred to the undersigned for preparation of a Report and Recommendation [R. 73]. For the reasons discussed below, IT IS RECOMMENDED that Defendant's Motion [R. 70] be DENIED as time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides that a 1-year period of limitations governs all motions for collateral relief filed pursuant to Section 2255. See 28 U.S.C. § 2255(f). Generally, a petitioner has one (1) year from the latest of the triggering events described in Section 2255(f) to file a habeas corpus petition. Only one is relevant here: "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). Where a defendant first files a direct appeal, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's" decision. Clay v. United States, 537 U.S. 522, 525 (2003).

On September 13, 2004, Defendant John H. Estep was indicted on charges related to

producing, receiving, possessing, and conspiring to receive child pornography. [R. 1]. Two superseding indictments on similar charges followed. [R. 9; R. 15]. On January 4, 2005, Estep pled guilty to ten counts listed in the second superseding indictment [R. 24]. The original and first superseding indictment were subsequently dismissed on the motion of United States. [R. 41]. Defendant was sentenced on July 14, 2005, to a term of 780 months (65 years) imprisonment followed by a lifetime term of supervised release. [R. 41]. He was also ordered to pay restitution. [R. 39].

Estep promptly filed a notice of appeal, alleging that the trial court erred in denying his motion to withdraw his guilty plea [R. 45; R. 46]. On September 21, 2006, the Sixth Circuit Court of Appeals issued an order affirming the judgment of the district court. The order was entered on September 25, 2006. [R. 65]. Estep then had ninety (90) days (or until December 24, 2006) to file a petition for writ of certiorari with the Supreme Court challenging that decision. See Sup. Ct. R. 13.1.

Defendant never filed a petition for writ of certiorari. Thus, the judgment of conviction became final on **December 24, 2006**, upon the expiration of the time for filing such a petition. See Clay, 537 U.S. at 525 (where a defendant does not file a petition for writ of certiorari, his conviction becomes final 90 days from the date on which the circuit court affirmed the conviction and sentence). Estep then had one (1) year from the date on which his judgment became final, or until **December 24, 2007**, to file his habeas petition.

As Plaintiff correctly argues, Estep's motion to vacate the judgment [R. 70], filed on **June 29, 2011**, more than three (3) years after the proper period for filing such a motion had expired, is not timely. See 28 U.S.C. § 2255(f). Defendant does not discuss the one-year limitations period in his motion and does not explain why he did not file a timely petition in compliance with §2255(f).

[R. 70]. Likewise, the motion does not allege any circumstances appropriate for applying the doctrine of equitable tolling.

Accordingly, for the reasons discussed above, IT IS RECOMMENDED that Defendant's Motion to Vacate, Set Aside, or Correct his Sentence [R. 70] should be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.

Signed August 26, 2011.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge